IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JESSICA LYN DECLEMENTE,** | : |
| **Plaintiff,** | : |
| vs. | : |
| **SRSANDCO, LLC d/b/a MUDLICK MAIL and TIM ROSS, JR.,** | : **Civil Action Number:** |
| **Defendants.** | : **Jury Trial Demanded** |

# COMPLAINT

Plaintiff, Jessica Lyn DeClemente ("Plaintiff") by and through the undersigned counsel, brings this complaint against Defendants SRSandco, LLC d/b/a Mudlick Mail **("**SRSandco") and Tim Ross, Jr. ("Ross") and pleads as follows:

## INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA to (1) recover the overtime pay that was denied her and an additional amount as liquidated damages; and (2) for her costs of litigation, including her reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant SRSandco, LLC d/b/a Mudlick Mail is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Paulding County, Georgia.

5.

SRSandco employed Plaintiff Jessica Lyn DeClemente as a National Account Executive in Acworth, Georgia from January 26, 2012 until May 29, 2012.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of "SRSandco" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about January 26, 2012 until May 29, 2012, Plaintiff has been "engaged in commerce" as an employee of Defendant SRSandco as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about January 26, 2012 until May 29, 2012, Plaintiff has been engaged in the "production of goods for commerce" as an employee of Defendant SRSandco as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Defendant SRSandco is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Defendant SRSandco has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about January 26, 2012 until May 29, 2012, Defendant SRSandco was/is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2012, Defendant SRSandco had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2012, Defendant SRSandco had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, Defendant SRSandco had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Defendant SRSandco had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Defendant SRSandco has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

17.

Defendant SRSandco is subject to the personal jurisdiction of this Court.

18.

Defendant Ross resides within Paulding County, Georgia.

19.

At all times material hereto, Defendant Ross exercised operational control over the work activities of Plaintiff.

20.

At all times material hereto, Defendant Ross was involved in the day to day operation of the division of SRSandco in which Plaintiff worked.

21.

At all times material hereto, Defendant SRSandco vested Defendant Ross with supervisory authority over Plaintiff.

22.

At all times material hereto, Defendant Ross exercised supervisory authority over Plaintiff.

23.

At all times material hereto, Defendant Ross scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

24.

At all times material hereto, Defendant Ross exercised authority and supervision over Plaintiff's compensation.

25.

At all times material hereto, Defendant Ross has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

26.

Defendant Ross is subject to the personal jurisdiction of this Court.

27.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

28.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

29.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

30.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

31.

At all times relevant to this suit and while an employee of Defendant SRSandco, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## COUNT I — FAILURE TO PAY OVERTME

32.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

33.

At all times material hereto, Jessica Lyn DeClemente has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

34.

During her employment with Defendants, Jessica Lyn DeClemente regularly worked in excess of forty (40) hours each week.

35.

Defendants failed to pay Jessica Lyn DeClemente at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 26, 2012 through May 29, 2012.

36.

Defendants willfully failed to pay Jessica Lyn DeClemente at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 26, 2012 through May 29, 2012.

37.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

38.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

39.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. As to Count I, that Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS  
& FITZPATRICK, LLC*

/S/ *MICHAEL A. CALDWELL*
MICHAEL A. CALDWELL
GA. BAR NO. 102775

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303

*/ S/ CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

**COUNSEL FOR PLAINTIFF**